GORDON W. RENNEISEN (State Bar # 129794)
grenneisen@cornerlaw.com
JOHN C. BROWN (State Bar # 195804)
jbrown@cornerlaw.com
CORNERSTONE LAW GROUP
351 California Street, Suite 600
San Francisco, California 94104
Phone: (415) 409-8600
Facsimile: (415) 974-6433

Attorneys for Plaintiff Jimmy A. Sutton
and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| JIMMY A. SUTTON,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | CASE NO.<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNRUH ACT AND UNFAIR COMPETITION LAW; REPRESENTATIVE CLAIM FOR PUBLIC INJUNCTIVE RELIEF<br><br>DEMAND FOR JURY TRIAL |

Plaintiff JIMMY A. SUTTON alleges:

## NATURE OF THE ACTION

1. This is a consumer class action brought by Plaintiff Jimmy A. Sutton on behalf of a state-wide class of Californians.

2. Defendant Wells Fargo Bank, N.A. has discriminated against, and continues to discriminate against, Plaintiff and similarly situated Californians by charging higher checking account service fees to customers who are older than 24.

3.      Wells Fargo's conduct is unlawful.  The Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq*., prohibits arbitrary discrimination based on an individual's age.  However, for checking accounts with identical features and benefits, Wells Fargo charges higher service fees to customers like Plaintiff who are older than 24 based solely on the customer's age.

4.      Wells Fargo's conduct harms Plaintiff and similarly situated Californians; violates California's Unruh Act; and violates California's Unfair Competition Law, as codified by Business and Professions Code §§ 17200, *et seq*.

5.      On behalf of himself and on behalf of a similarly situated class of California residents, Plaintiff sues for damages, injunctive relief, and any other available legal or equitable remedies.  In addition, acting as a private attorney general, Plaintiff sues for public injunctive relief.

## PARTIES

6.      Plaintiff JIMMY A. SUTTON ("Plaintiff" or "Sutton") is, and at all relevant times was, a citizen of the State of California residing in in Santa Clara County, California.

7.      Defendant WELLS FARGO BANK, N.A. ("Wells Fargo" or "Defendant") is a national banking association organized under the National Banking Act, Title 12 of the United States Code. Wells Fargo is not incorporated in California.  It maintains its principal place of business in Sioux Falls, South Dakota.  At all relevant times, it has conducted business in the State of California and in Santa Clara County, California.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction pursuant to 28 U.S.C § 1332(a)(1).  The matter in controversy exceeds the sum or value of $75,000 for the class. The dispute is between the members of a class, each of whom is a citizen of the State of California, and Defendant Wells Fargo, which is a citizen of the State of South Dakota.

9.      Venue is proper pursuant to 28 U.S.C. § 1391. Plaintiff resides in this judicial district, Defendant maintains offices and does business in this judicial district, and a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

10.     Assignment to the San Jose Division is proper pursuant to Civil Local Rules 3-2(c)

COMPLAINT FOR VIOLATION OF UNRUH ACT,  *et al.*

and 3-2(e) because Plaintiff resides in Santa Clara County and a substantial part of the events or omissions giving rise to the claims at issue occurred in Santa Clara County.

## GENERAL ALLEGATIONS

11. Wells Fargo offers several banking-related products, including one or more personal bank checking accounts.

12. Plaintiff has had a banking relationship with Wells Fargo for at least 24 years.

13. Wells Fargo first issued a home loan mortgage to Plaintiff in 1997. Plaintiff refinanced in 2003 by entering into an agreement with Wells Fargo amending the terms of the mortgage.

14. Based upon the monetary value of all of Plaintiff's balances with Wells Fargo, including a percentage of his mortgage balance, Plaintiff was entitled to maintain a Wells Fargo "Portfolio" checking account without paying any monthly service fee. The Portfolio account provided useful features and benefits. For example, Wells Fargo did not charge holders of Portfolio accounts for obtaining cashier's checks or for making cash withdrawals at non-Wells Fargo ATMs. Holders of Portfolio accounts also had free access to online bank statements and online images of the checks they had written.

15. In December of 2018, Wells Fargo transferred Plaintiff's mortgage to another company, and stopped considering Plaintiff's mortgage balance in evaluating Plaintiff's total balance with Wells Fargo.

16. After transferring Plaintiff's mortgage, Wells Fargo informed Plaintiff that he no longer qualified for a fee waiver on the Portfolio checking account and began charging Plaintiff a monthly service fee of $30.

17. Plaintiff contacted Wells Fargo about ways to eliminate or reduce monthly service fees. Wells Fargo recommended that Plaintiff switch from the Portfolio account to an "Everyday Checking Account." Plaintiff did so in about February of 2019.

18. Like the Portfolio account, the Everyday Checking Account allows account holders free access to online bank statements and online images of their checks. However, Wells Fargo charges holders of Everyday Checking Accounts for obtaining cashier's checks or for making cash

withdrawals at non-Wells Fargo ATMs.

19. Wells Fargo also requires holders of Everyday Checking Accounts to pay a $10 monthly service fee, or maintain a $500 minimum daily balance, or have "qualifying" direct deposits automatically deposited to the checking account, or link the checking account to a Wells Fargo "Campus ATM card" or "Campus Debit card."

20. Wells Fargo waives these requirements for holders of Everyday Checking Accounts who are from 17 through 24 years old. Confronted with two identically situated customers, one older than 24 and one younger than 24 – who do not meet the minimum daily balance, direct deposit, or Campus Card requirements – Wells Fargo compels only the older customer to pay a monthly service fee.

21. At the time Plaintiff signed up for his current Wells Fargo checking account he was 74 years old. Wells Fargo thus charged him the monthly service fee applicable to customers older than 24. Wells Fargo has regularly charged this fee, and Plaintiff has regularly paid it, since Plaintiff first obtained a Wells Fargo Everyday Checking Account in 2019.

22. Plaintiff has repeatedly complained about Wells Fargo's practice of charging him a monthly service fee on his Everyday Checking Account. In response to Plaintiff's complaints, Well Fargo has refunded some – but not all – of the service fees Plaintiff has paid. During each of the following periods, Wells Fargo collected and retained one or more monthly service fees from Plaintiff: calendar year 2019; calendar year 2020; and the 12-month period preceding the filing of this action.

23. Plaintiff still has a Wells Fargo Everyday Checking Account and Wells Fargo is still charging him monthly service fees that it would not charge if Plaintiff were 24 years old or younger.

24. When Plaintiff first obtained an Everyday Checking Account, he asked a Wells Fargo representative why he had to pay a higher service charge for the checking account. The representative told him that Wells Fargo wanted to attract younger customers who would be less willing to pay a fee.

25. Plaintiff is informed and believes and based thereon alleges that, at all relevant

times, Wells Fargo has had a uniform practice of charging higher monthly service fees to customers with Everyday Checking Accounts who are older than 24.

26. Plaintiff is informed and believes and based thereon alleges that Wells Fargo's discriminatory pricing, which prejudices those older than 24, is the result of a deliberate business decision intended to maximize Wells Fargo's profits.

27. Plaintiff further alleges that Wells Fargo's age-based, discriminatory pricing scheme is arbitrary and unlawful.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure, Rule 23.

29. Plaintiff seeks to represent a state-wide class (the "Class") consisting of persons who maintained Everyday Checking Accounts with Wells Fargo during the period beginning four years prior to the filing of this action and continuing until this matter is resolved or the Class is certified (the "Class Period"), and as further defined below in subparagraphs (a) and (b).

    a. The Class consists of all persons who (i) maintained Everyday Checking Accounts with Wells Fargo during the Class Period; (ii) were charged monthly checking account service fees by Wells Fargo that were higher than the fees they would have been charged had they been 24 years of age or younger; and (iii) paid at least one such fee during the Class Period and while residing in California.

    b. Specifically excluded from the California Class are the officers, directors, employees, and agents of Defendant; any attorney representing Defendant or Plaintiff in this action; and any judge or other judicial officer presiding over this action, as well as the staff and immediate family of any such judge or judicial officer.

30. Plaintiff Sutton is a member of the Class.

31. Certification of the Class is proper because there is a well-defined community of interest in the litigation and because, as more fully stated below, the proposed Class is ascertainable; the Class is so numerous that joinder of all members is impracticable; the claims of the representative Plaintiff are typical of the claims of the class; the representative Plaintiff will

fairly and adequately protect the interests of the Class; there are questions of law or fact common to the Class; questions of law or fact common to all members of the Class predominate over any questions affecting only individual members of the Class; and a class action is superior to other available methods for fairly and efficiently adjudicating the claims at issue. The members of the proposed Class are referred to herein as the "Class Members."

32. *Numerosity and Ascertainability*. The members of the Class are so numerous that joinder of all Class Members is impracticable. While the exact number of Class Members is unknown to Plaintiff at this time, the number and identities of members of the Class can be determined from Defendant's own records. Plaintiff is informed and believes and based thereon alleges that hundreds or thousands of Wells Fargo's customers are members of the Class.

33. *Typicality*. The proposed representative of the Class is a member of the Class and his claims are typical of the claims of the Class Members. Plaintiffs and all other Class Members are similarly situated in that, among other things, they are customers of Defendant who have been victimized by Defendant's age-based discriminatory pricing scheme and charged higher monthly checking-account service fees because they are older than 24.

34. *Adequacy*. Plaintiff is ready and able to fairly and adequately protect the interests of the Class Members. Plaintiff has retained counsel who have the skill and experience to effectively prosecute this action on behalf of the class. Plaintiff has no interests adverse or antagonistic interest to those of the other members of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and the proposed Class

35. *Common Questions*. Common questions of law and fact exist as to all Class Members. These common questions include, but are not limited to, the following:

    a. Whether Wells Fargo or its agents discriminated against the members of the Class by charging a monthly checking account service fee based solely on age;

    b. Whether Wells Fargo's age-based pricing scheme is arbitrary or otherwise violates the Unruh Act;

    c. Whether Wells Fargo's conduct is an unlawful or unfair act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

    d.    Whether Wells Fargo, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class;

    e.    Whether Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and,

    f.    Whether Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

36.    *Predominance*.  These common questions predominate over any questions that affect only individual members of the Class.  This is so, in part, because all members of the Class have or have had Everyday Checking Accounts with Wells Fargo and have been subject to a uniform, age-based, pricing scheme developed and applied by Defendant Wells Fargo.  Wells Fargo has acted or refused to act on grounds that are generally applicable to the Class as a whole

37.    *Superiority*.  A class action is superior to other available means for the fair and efficient adjudication of this controversy because joinder of all members of the Class is impractical; and class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Furthermore, as the damages suffered by each individual Class Member are relatively small, the expense of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them.  Such individual litigation also would impose unnecessary burdens on the court system; and would present the potential for inconsistent or contradictory judgments.  There will be no difficulty in the management of this matter as a class action.

## FIRST CLAIM FOR RELIEF

**(For violations of the Unruh Civil Rights Act brought by Plaintiff individually and on behalf of the Class against Wells Fargo)**

38.    Plaintiff realleges and incorporates all of the preceding paragraphs as though fully set forth in this cause of action.

39.    Since early 2019 Plaintiff has held an Everyday Checking Account with Wells

Fargo, which has charged him higher fees than it has charged younger persons who hold Wells Fargo Everyday Checking Accounts with identical features. Upon information and belief, Wells Fargo has charged higher fees to older persons such as Plaintiff because of its perception that they are more likely to pay the fees.

40. Wells Fargo denied Plaintiff and the other class members full and equal advantages because of age.

41. Wells Fargo made a distinction that denied full and equal advantages to Plaintiff and the other class members.

42. A substantial motivating reason for Wells Fargo's conduct was the age of Plaintiff and of the other class members.

43. Plaintiff and the other class members were harmed.

44. Wells Fargo's conduct was a substantial factor in causing harm to Plaintiff and the other members of the class.

45. The acts and practices described above are continuing. Wells Fargo will continue wrongfully to discriminate against customers older than 24 unless enjoined from doing so

46. Defendant's discriminatory, age-based, pricing scheme violates the Unruh Act, which in part provides that a party violating the Unruh Act "is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." Cal. Civ. Code § 52(a).

47. The Unruh Act also authorizes an award of injunctive relief (Cal. Civ. Code § 52(c)(3)) and an award of attorneys' fees (Cal. Civ. Code § 52(a)).

48. Plaintiff on behalf of himself and all Class Members thus prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF**

**(For public injunctive relief; brought by Plaintiff against Wells Fargo as a**

**as private attorney general under Business and Professions Code § 17203)**

49. Plaintiff realleges and incorporates all of the preceding paragraphs as though fully

set forth in this cause of action.

50. Wells Fargo's practice of charging certain customers higher fees based on age, as alleged in this complaint, violates California's prohibitions against unfair competition, which are set forth in Business and Professions Code §§ 17200, *et seq*. (the "Unfair Competition Law" or the "UCL").  The Unfair Competition Law prohibits business practices that are unlawful, unfair, or fraudulent.

51. Pursuant to Business and Professions Code § 17204, suit may be brought for violations of the UCL by any "person who has suffered injury in fact and has lost money or property as a result of the unfair competition."

52. "Public injunctive relief remains a remedy available to private plaintiffs under the UCL." *McGill v. Citibank*, N.A. (2017) 2 Cal. 5th 945, 961.  A claim for public injunctive relief need not be prosecuted as a class action. *Id*. at 960.

53. As alleged above, Plaintiff has suffered injury in fact and has lost money or property as a result of Wells Fargo's business practices.  In accordance with Business and Professions Code § 17204 and *McGill*, Plaintiff asserts this claim for public injunctive relief. Plaintiff asserts this representative claim as a private attorney general acting on behalf of the public and not as a representative of a class.

54. Because the conduct of Wells Fargo as alleged in this complaint violates the Unruh Act, Wells Fargo's conduct constitutes an unlawful business practice and violates the UCL.

55. Wells Fargo's conduct as alleged in this complaint additionally constitutes an unfair business practice and violates the UCL because, among other reasons, (a) its conduct is oppressive and substantially injurious to consumers; (b) the harm to consumers is not outweighed by any countervailing benefits or justifications; and (c) the harm to consumers is not something consumers could have avoided.

56. Wells Fargo is continuing to charge Plaintiff and other members of the public higher monthly service fees for personal checking accounts if they do not fall with Wells Fargo's arbitrary, age-based, 17-24-year-old category.  An actual controversy exists regarding Wells Fargo's contention that, for checking accounts with identical features, it is entitled to charge higher

fees to customers who are older than 24.

57.  A judicial declaration is necessary and appropriate to resolve this controversy. Further, Wells Fargo will continue wrongfully to discriminate against customers older than 24 unless enjoined from doing so.

58.  Plaintiffs thus are entitled to declaratory and injunctive relief – and to an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 – and pray for relief as set forth below.

### THIRD CLAIM FOR RELIEF

**(For violations of the Unfair Competition Law brought by Plaintiff individually and on behalf of the Class against Wells Fargo)**

59.  Plaintiff realleges and incorporates all of the preceding paragraphs as though fully set forth in this cause of action.

60.  To the extent that Plaintiffs and the Class cannot obtain complete relief based on the claims asserted in the First Cause of Action, Plaintiff asserts this Third Cause of Action as an additional or alternative ground for relief.  Plaintiff asserts this Third Cause of Action on behalf of himself and on behalf of the Class.

61.  For the reasons alleged above, Defendant's business practices are unlawful and unfair, and violate the UCL.

62.  Defendant, through its unlawful and unfair business practices alleged herein has received and retained moneys that rightfully belong to Plaintiff and other similarly situated members of the Class.  As a further result of these unfair business practices, Defendant has been unjustly enriched and has achieved an unfair competitive advantage over legitimate business competitors at the expense of Plaintiffs and other similarly situated members of the Class, and the public at large.

63.  Business and Professions Code § 17203 authorizes the Court to enjoin unlawful, unfair, and fraudulent business practices and to restore to an aggrieved person any money or property acquired by means of such practices.  Defendant will continue to engage in the unlawful and unfair business practices alleged herein unless enjoined from doing so.  Plaintiff thus seeks

declaratory and injunctive relief against Defendant regarding these practices.

64. On behalf of himself and the Class, Plaintiff also seeks restitution of all sums Defendant took based on the above-described unlawful and unfair business practices. Such restitution includes, at a minimum, all monthly service fees that Defendant collected from the Class through its discriminatory, age-based, pricing scheme.

65. To restore to the Class Members their "interest any money or property, real or personal, which may have been acquired by means of … unfair competition," as required by Business and Professions Code § 17203, restitution must be in the form of cash payments.

66. Defendant also is liable for attorneys' fees under Code of Civil Procedure § 1021.5.

67. Plaintiffs on behalf of themselves and all Class Members pray for relief as set forth below.

## **PRAYER**

WHEREFORE, plaintiff JIMMY A. SUTTON prays for judgment against defendant WELLS FARGO BANK, N.A. as follows:

On the First Cause of Action:

1. For an order determining that this action may be maintained as a class action, certifying the Class and/or such subclasses as the Court finds appropriate, appointing Plaintiff Sutton as representative of any certified class or subclass, and appointing Plaintiff's counsel as counsel for any certified class or subclass;

2. For damages according to proof – measured as the higher of (a) $4,000 for each and every offense in accordance with California Civil Code § 52(a), or (b) as actual damages, or (c) as otherwise allowed by law; and

3. For attorneys' fees pursuant to California Code of Civil Procedure § 52(a), or as otherwise requested by Plaintiff and/or his counsel and allowed by law.

On the Second Cause of Action:

1. For public injunctive relief and declaratory relief; and

2. For attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, or as otherwise requested by Plaintiff and/or his counsel and allowed by law.

On the Third Cause of Action:

1. For an order determining that this action may be maintained as a class action, certifying the Class and/or such subclasses as the Court finds appropriate, appointing Plaintiff Sutton as representative of any certified class or subclass, and appointing Plaintiff's counsel as counsel for any certified class or subclass;

2. For restitution according to proof;

3. For injunctive and declaratory relief; and

4. For attorneys' fees pursuant to California Code of Civil Procedure §1021.5, or as otherwise requested by Plaintiff and/or his counsel and allowed by law

On All Causes of Action:

1. For litigation expenses and costs of suit;

2. For prejudgment and post-judgment interest as allowed by law; and

3. For all other relief which the Court shall deem just and equitable.

Dated: March 8, 2021

/s/ Gordon W. Renneisen
Gordon W. Renneisen
John C. Brown
CORNERSTONE LAW GROUP

Attorneys for Plaintiff and all others similarly situated

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: March 8, 2021

/s/ Gordon W. Renneisen
Gordon W. Renneisen
John C. Brown
CORNERSTONE LAW GROUP

Attorneys for Plaintiff and all others similarly situated

12

COMPLAINT FOR VIOLATION OF UNRUH ACT, *et al.*